To: Page 1 of 4    2007-07-09 15:57:20 (GMT)    212-954-5081    From: Brian M. DeLaurentis, Esq.

Case 1:07-cv-06599-PAC    Document 2    Filed 07/23/2007    Page 1 of 4

BRIAN M. DELAURENTIS, P.C.
Attorneys for Foo Claimants
36 W. 44th St., Suite 610
New York, NY 10036
212-354-6300
Brian M. DeLaurentis (BD 4995)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| REFCO, LLC, | Case No. 05-60134 (RDD) |
| Debtor. | |

**DESIGNATION OF CONTENTS FOR THE RECORD ON APPEAL AND
STATEMENT OF ISSUES PRESENTED ON APPEAL BY APPELLANTS**

Appellants Mary Lou Lee, Jason Foo, Samathan Foo, Foo, LLC and the Estate of Chih Min Foo, collectively, the "Foo Claimants," by and through their undersigned attorneys, submit the following designation of items to be included in the Record on Appeal from the June 22, 2007 Order entered by the U.S. Bankruptcy Court for the Southern District of New York, which disallowed the claim of the Foo Claimants in its entirety:

    1. Chapter 7 Trustee's Objection to the Claim of The Estate of Chi Min Foo (Claim No. 547) with attachments (Docket No. 704).

    2. Declaration of Brian M. DeLaurentis in Response to Trustee Objection (Docket No. 758).

    3. Supplemental Stipulation of Fact Relating to the Trustee's Objection to the Claim of the Estate of Chi Min Foo (Claim No. 547)(Docket No. 780).

4. Order Sustaining Chapter 7 Trustee's Objection to the Claim of the Estate of Chi Min Foo (Claim No. 547)(Docket No. 791).

5. Notice of Appeal (Docket No. 801).

## STATEMENT OF ISSUES PRESENTED ON APPEAL

1. Did the Bankruptcy Court err in holding that the Foo Claim was barred by the doctrine of issue preclusion?

2. Did the Bankruptcy Court err in its alternative holding that Foo Claim was property of the LFG, LLC estate?

3. Did the Bankruptcy Court err in its alternative conclusion that the LFG-Refco Group Ltd., LLC settlement agreement also bound the Foo Claimants?

4. Did the Bankruptcy Court err in its alternative conclusion that the LFG-Foo settlement precluded claims against Refco?

5. Did the Bankruptcy Court err in its alternative conclusion that Refco, LLC was an affiliate of Refco Group Limited within the ambit of the LFG-Refco settlement?

Dated: July 9, 2007
New York, New York

        /s/ Brian M. DeLaurentis
Brian M. DeLaurentis (BD 4995)
BRIAN M. DELAURENTIS, P.C.
36 W. 44th St., Suite 610
New York, NY 10036
212-354-6300

Attorneys for Foo Claimants, Appellants.

To: Page 3 of 4　　　2007-07-09 15:57:20 (GMT)　　　212-954-5081　From: Brian M. DeLaurentis, Esq.

Case 1:07-cv-06599-PAC　　Document 2　　Filed 07/23/2007　　Page 3 of 4

BRIAN M. DELAURENTIS, P.C.
Attorneys for Foo Claimants
36 W. 44th St., Suite 610
New York, NY 10036
212-354-6300
Brian M. DeLaurentis (BD 4995)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| REFCO, LLC, | Case No. 05-60134 (RDD) |
| Debtor. | |

## DECLARATION OF SERVICE BY FIRST CLASS MAIL

BRIAN M. DELAURENTIS, being duly sworn, deposes and states:

1. I am the attorney for defendant in this action, and am duly admitted to practice in the courts of the U.S. Bankruptcy Court for the Southern District of New York.

2. I am not a party herein, am over 18 years of age.

3. On July 9, 2007, I served a copy of the Designation of Contents for the Record on Appeal and Statement of Issues Presented on Appeal by Appellants upon counsel for the parties at the address designed by them for such purposes:

Scott E. Ratner, Esq.　　　　　　　　Andrew Velez-Rivera, Esq.
Togut, Segal & Segal, LLP　　　　　U. S. Trustee
1 Penn Plaza　　　　　　　　　　　　33 Whitehall St.
New York, NY 10119　　　　　　　　New York, NY 10004

Vincent E. Lazar, Esq.
Melissa M. Hinds, Esq.
Jenner & Block, LLP
330 N. Wabash Ave.
Chicago, IL 60611

To: Page 4 of 4    2007-07-09 15:57:20 (GMT)    212-954-5081    From: Brian M. DeLaurentis, Esq.

Case 1:07-cv-06599-PAC    Document 2    Filed 07/23/2007    Page 4 of 4

4. Said service was made by depositing a true copy of said documents enclosed in a prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Post Office.

5. I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:  July 9, 2007
       New York, New York

          /s/ Brian M. DeLaurentis
          BRIAN M. DELAURENTIS