UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:

REFCO, LLC,                                                    Case No. 1:07-cv-06599-PAC

                        Debtor.

_____


_____

MARY LOU LEE, SAMANTHA FOO, JASON FOO,
FOO, LLC AND ESTATE OF CHIH MIN FOO,

                        Appellants,

v.

REFCO, LLC,

                        Appellee.

_____


**APPELLANTS' REPLY MEMORANDUM OF LAW**

BRIAN M. DELAURENTIS, P.C.
Attorneys for Creditor-Appellants,
the Foo Claimants
36 W. 44th St., Suite 610
New York, NY 10036
212-354-6300
Brian M. DeLaurentis (BD 4995)

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**                                                                   ii

**ARGUMENT**                                                                                1

    Summary of Argument                                                   1

     Analysis                                                         2

I.     ISSUE DIFFERENCE BAR ISSUE PRECLUSION IN THIS MATTER.          2

II.    WITHOUT FINALITY, THERE IS NO COLLATERAL ESTOPPEL.                   4

III.   PRECLUSION IS NOT MECHANICALLY APPLIED, AND IS INAPPROPRIATE IN THESE CIRCUMSTANCES.   5

IV.    THE FOO CLAIMS WERE NOT PROPERTY OF THE LFG ESTATE.                  6

V.     ILLINOIS STATE LAW FAILS TO PROVIDE AN AFFILIATE DEFINITION.      7

VI.    CONTENTIONS AS TO THE MERITS OF OR PROCEDURE CONCERNING THE FOO CLAIMS ARE BEYOND THE APPELLATE SCOPE.   8

## TABLE OF AUTHORITIES

**CASES**

*Bear, Stearns & Co. v. 1109580 Ontario, Inc.,* 409 F.3d 87 (2nd Cir. 2005)    5

*Duldulao v. Saint Mary of Nazareth Hosp. Center,* 115 Ill.2d 482 (1987)    7

*Farley, Inc. v. Chiappetta,* 163 B.R. 999 (N.D. Ill. 1994)    8

*Fisher v. Apostolou (In re Lake States Commodities, Inc.),*    3, 6, 7
155 F.3[rd] 876 (7th Cir. 1998)

*Halpern v. Schwartz,* 426 F.2d 102 (2nd Cir. 1970)    4

*In re Colonial Reality Co.,* 980 F.2d 125 (2nd Cir. 1992)    2, 3, 6, 7

*In re Saunders,* 101 B.R. 303, 304-06 (Bankr. N.D. Fla. 1989)    6 n.4

*Shearson Lehman Hutton, Inc. v. Wagoner,* 944 F.2d 114 (2nd Cir. 1991)    6, 7

*Valley Disposal, Inc. v. Central Vermont Solid Waste Management*    2
31 F.3d 89 (2nd Cir. 1994)

**STATUTES**

11 U.S.C. § 105    5 n. 3, 6 n.4

11 U.S.C. § 362    3, 4, 6 n.4

11 U.S.C. § 550    3, 6

805 ILCS 5/7.85(A)    8

N.Y. CPLR § 204    5 n. 3

**OTHER AUTHORITIES**

Hague Convention, 20 U.S.T. 361    8

House Report, H.R.8200, H.R.Rep.No.95-595, 95th Cong.,    2
1st Sess., Sept. 8, 1977, 123, U.S.Code Cong. & Admin.News 1978,
p. 5787, 6084

# ARGUMENT

## Summary of Argument

To Appellants, what is most striking about Appellee's response in this appeal is what is not discussed or analyzed.  Rather than deal with salient points squarely, Appellee is content to proceed as if there were no contest on determinative matters.  Appellee bears the burden of proof in this matter and simply glossed over these points.  Consequently, because it unsuccessfully applied the law to these facts, both collateral estoppel and determining the Foo Claimants' claims to be property of the LFG estate must fail.  Significant analysis is particularly lacking in many areas.

In determining eligibility for issue preclusion, Appellee simply presumes that the common issue was determining property of the estate.  This assumption has two mistaken components: 1) Judge Black's issue was a timing determination as to the stay; and 2) *which* property of the estate was implicated by the stay is determinative here.

In asserting the finality of the decision, Appellee relies on a smattering of case law from other circuits.  Given the volume of bankruptcy law practiced in the Southern District of New York, the absence of a single case in this circuit showing a stay order to be final demonstrates the weakness of Appellee's position.

In determining the fairness of applying issue preclusion, Appellee neglects to focus on the difference in stakes between the two matters:  timing vs. a $1.4 million dollar claim.  Additionally, Appellee is understandably unconcerned with Appellants' constitutional right to their day in court on their claims.

In determining their ability to assert issue preclusion, Appellee fails to adequately explain why it sat silently throughout *In re LFG, LLC* to the detriment of the Foo Claimants about the pendent state court litigation when it knew the automatic stay was of limited duration.

Appellee fails to analyze each cause of action asserted by the Foo Claimants, instead relying on sweeping generalities to whitewash its conclusion that the claims were those of the LFG estate.

**Analysis**

I.    ISSUE DIFFERENCES BAR ISSUE PRECLUSION IN THIS MATTER.

Appellee's brief omits any discussion of the threshold issue: proper determination of the issues before the two courts.  Issue preclusion requires ***identical*** issues.  *Valley Disposal, Inc. v. Central Vermont Solid Waste Management,* 31 F.3d 89 (2nd Cir. 1994).

Appellee just presumes that the issues are identical, and on this point is mistaken from the outset.  A central distinction between the two matters is that Judge Black's order was about timing, and Judge Drain's order is about a substantive right.  Dismissively characterizing a distinction as "specious[1]" in a footnote simply does not squarely address the question upon which Appellee has the burden of proof: were there identical issues in the two proceedings?

The stay is purely a procedural matter, and nothing more.  *In re Colonial,* 980 F.2d 125 (2nd Cir. 1992) *affirming Matter of Colonial Realty Co.*, 134 B.R. 1017, 1021 (Bankr. D.Conn., 1991)("Being subject to the stay in no way limits the FDIC in its superior right to the defined fraudulent conveyance action" "The stay is procedural, remedial, not substantive.");  House Report, H.R.8200, H.R.Rep.No.95-595, 95th Cong., 1st Sess., Sept. 8, 1977, 123, U.S.Code

---

[1] Appellee Brief, p. 15, n. 5.

Cong. & Admin.News 1978, p. 5787, 6084[2]. Pursuant to the statute's own terms, the automatic

stay also automatically ceases upon certain events.  11 U.S.C. § 362(c).  Here, the stay ceased

with the closure of *In re LFG, LLC* pursuant to 11 U.S.C. § 362(c)(2)(A).

Thus, the issue before Judge Black did not address whether or not the Foo Claimants had

a substantive right to pursue Refco; Judge Black only decided the issue of timing when that

substantive right could be redressed.

Contrary to Appellee's assertion, Judge Black did not determine that the Foo Claimants'

causes of action against Refco were owned by LFG.  Refco baldly and baselessly asserts that

Judge Black's use of the phrase "properly held by the debtor" (Trustee Ex. L, ¶ 2) meant that

LFG owned the causes of action.   This is an inconsistent reading contrary to both *Fisher v.*

*Apostolou,* 155 F.3rd 876 (7th Cir. 1998), and *In re Colonial Reality Co.,* 980 F.2d 125 (2nd Cir.

1992), both of which note that a creditor's fraudulent conveyance cause of action temporarily

passes to the Trustee as a tool in administering the estate pursuant to 11 U.S.C. § 550.

Ownership of the cause of action does not pass, just the right to temporarily utilize it for the

estate's benefit.   Thus, the more accurate reading is that the Debtor held the cause of action and

nothing more.  Here, the Appellee also unsuccessfully bears the burden to prove that Judge

Black's conclusion determined ownership, even if the issues were identical.

Appellee has also failed to prove **which** property of the estate Judge Black was concerned

with in the stay order.  Appellant contends that Judge Black was concerned about LFG's

property to be received from Refco under the LFG-Refco settlement; whereas Appellee contends

it was ownership of the cause of action.  A fair reading of LFG's moving papers amply

demonstrates that the property it was concerned with was the trail payments and its potential

---

[2] "The stay . . . does not affect the creditor's substantive rights in any way. It operates only as a procedural delay.
The creditor remains entitled to full satisfaction."

liability under the indemnity.  Trustee Ex. K, N.  The notion that LFG was concerned with what

occurred between the Foo Claimants and Refco after it received the trail payments simply does

not make sense.  For Refco to contend here that Judge Black would have reached the same result

without the indemnity provision issue is purely speculative. Particularly in the bankruptcy

context, where alternative grounds exist for an order to be relied on and only one of those

grounds supports collateral estoppel, applying the doctrine is inappropriate because necessity is

lacking.  *Halpern v. Schwartz*, 426 F.2d 102 (2nd Cir. 1970).  Thus, Appellee has failed to meet

its burden of proof.


II.     WITHOUT FINALITY, THERE IS NO COLLATERAL ESTOPPEL.

Appellee also bore the burden to prove Judge Black's order was a final one.  Appellants

asserted that to do so, Appellee would need to rely on pre-2002 Seventh Circuit case law to

demonstrate that finality.  Appellants' Brief, p. 18.  Appellee, however, has no such case nor any

case law from the Second Circuit or Seventh Circuit on this matter.  Rather, Appellee relies on a

smattering of cases from other circuits, some unreported, in an attempt to prove up finality.

These thin reeds do not bear scrutiny.  Given the quantity of bankruptcy litigation in the

Second Circuit and the Seventh Circuit, Appellee's failure to cite any case law from either circuit

demonstrates that a stay order is not a final one, but interlocutory.  Indeed, pursuant to 11 U.S.C.

§ 362(c), the stay is of limited duration.  Both case law and the legislative history are clear that

the automatic stay does not to affect substantive rights.  Appellants' Brief, p.13-14.  Thus, Judge

Black's order was not a final order for preclusion purposes.

III.    PRECLUSION IS NOT MECHANICALLY APPLIED, AND IS INAPPROPRIATE
        IN THESE CIRCUMSTANCES.

Appellee also failed to address the propriety of applying issue preclusion, instead treating

it as if it were a mechanical device with an on/off switch.  Even if issue preclusion can apply,

that does not end the analysis. In addition, a court must satisfy itself that application of the

doctrine is fair.  *Bear, Stearns & Co. v. 1109580 Ontario, Inc.,* 409 F.3d 87, 91 (2nd Cir. 2005).

Here, Appellee fails to meet its burden that the stakes were sufficiently similar to warrant

applying the doctrine.  Appellee seeks to use hindsight to judge Appellant's actions at the time.

Appellee's Brief, *passim.*  That hindsight is further clouded by its desire to recast what occurred

from a timing issue in a multi-party litigation to a proxy battle between LFG and the Foo

Claimants for Refco's benefit.  By contrast from Appellants' perspective, at the time and in the

circumstances of the 2002 situation, there was a balancing act among the LFG parties.

DeLaurentis Decl., ¶¶ 15-32.  At that time, and in that context, no intent can be gleaned from the

record that either the Foo Claimants or LFG sought to dispose of the Foo-Refco dispute.  Refco

sat silently by as well.  The tacit agreement was that Foo and Refco would settle their differences

on a later day.  *Id.*

Further, Refco seeks to avoid laches by essentially ignoring it and diverting attention

from its culpability.  The record is clear and undisputed that Appellee sat silently throughout the

stay contest and the LFG-Foo settlement and never asserted that the Foo Claimants should be

***enjoined*** from bringing an action against them in the future, rather than just stayed during the

pendency of *In re LFG, LLC.*[3]  To permit them to do so now when no modification can be sought

---

[3] Appellee's contention that the filing of the complaints (at p. 18) was a void act given the stay violation misses the
point.  The substantive right was not extinguished.  The Foo Claimants could simply file a new complaint in state
court when *In re LFG, LLC* terminated without statute of limitations difficulties.  N.Y. CPLR 204(a).  Further, the
fact that LFG sought relief only under the stay and not injunctive relief pursuant to 11 U.S.C. § 105 demonstrates

in the prior proceeding is a classic example of laches.


IV.   THE FOO CLAIMS WERE NOT PROPERTY OF THE LFG ESTATE

Appellee wrongly contends on the basis of personal/general claims, that the Foo

Claimants' causes of action were owned by the LFG estate.  Both *Fisher*[4] and *Colonial*[5], *supra,*

expressly hold that fraudulent conveyance actions are owned by the creditors and not the debtor,

although the debtor may utilize the cause of action pursuant to 11 U.S.C. § 550.  Appellee now

adds to that authority with its citation of *Shearson Lehman Hutton, Inc. v. Wagoner,* 944 F.2d

114 (2nd Cir. 1991) which held that a trustee had no standing to assert the causes of action owned

by estate's creditors.

As with other matters in this appeal, a general proposition was inappropriately applied.

This appeal is not about who may assert a general/specific claim during a bankruptcy, this appeal

is about what happens to a creditor's claim against a third party that is not resolved in a prior

bankruptcy.

Here, the Foo Claims break out into two groups.  One traces the res of the Foo/LFG

accounts on December 31, 1999.  DeLaurentis Decl., Ex. A.  No other creditor has an interest in

those accounts, and thus the claims for breach of fiduciary duty, conversion and third party

beneficiary as to the quasi-trustee arrangement could not be general ones.  The damage was

---

that LFG just wanted to keep Foo-Refco dispute from impacting it rather than ending any future dispute between the two.

[4] Appellee argues that because *Fisher* was decided under 11 U.S.C. §105 and not 11 U.S.C. §362, the Foo Claims are property of the LFG estate.  However, the important factual difference that brought this litigation back under 11 U.S.C. §362 was the LFG-RGL indemnity provision that was not present in *Fisher* and not ownership of the causes of action.

[5] Appellee also misreads *Colonial.  Colonial* did not hold that the FDIC had any special statutory rights in the bankruptcy context.  Rather, the Second Circuit held the FDIC to the same bankruptcy rules as every other creditor.  Further, given the Court's citation to *In re Saunders,* 101 B.R. 303 (Bankr. N.D. Fla. 1989) which was a garden variety debtor/creditor matter, no special treatment for the FDIC differentiates that case from this one.  *Colonial* is directly applicable and controlling precedent on the ownership of the causes of action.

6

unique to the Foo Claimants because they were not paid amounts equitably owned by them in those segregated accounts.

The other prong, through causes such as fraudulent conveyance, successor liability and as a third party creditor beneficiary of the actual oral contract between LFG and Refco concerning the takeover also were not owned by the LFG estate. Fraudulent conveyance is excluded pursuant to *Colonial* and *Fisher.* Successor liability is expressly excluded where, as here, the debtor participated in the fraud. *Wagoner.* Finally, as to the oral contract that overrode section 1.2 of the APA (Trustee Ex. D), clearly that provision could not be asserted by all creditors because it was limited to proprietary floor traders like Dennis Foo. Thus, none of the Foo Claimants causes were property of the LFG estate. As they were never part of the LFG estate, they could similarly never have passed to the LFG Liquidation Trust.

V.      ILLINOIS STATE LAW FAILS TO PROVIDE AN AFFILIATE DEFINITION.

Appellee incorporated by reference its arguments that it was an appropriate "affiliate" in the LFG-RGL settlement, based upon Illinois state law. Appellee's position, however, has several pitfalls that prevent its application. The foundation asserting a non-bankruptcy definition is that the LFG-RGL settlement, at Section 11, states: "This Agreement shall be construed in accordance with, and be governed by, the internal laws of the State of Illinois."

The first problematic contention for Refco, LLC is asserting that federal bankruptcy law is not part of the "internal laws of the State of Illinois." Illinois is one of the United States; to contend that federal law is not "internal" to Illinois is a throw back to archaic thinking.

Secondly, the "internal law" of Illinois construes ambiguities in contractual terms against the draftsman. *E.g., Duldulao v. Saint Mary of Nazareth Hosp. Center,* 115 Ill.2d 482, 493

(1987)(construing employee handbook against employer).  Thus, any ambiguities as to the

applicable law are construed against Appellee, Refco, LLC in this matter.  Such an ambiguity

results in the more restrictive Bankruptcy Code definition.

Third, the use of the legal term "internal law" in the federal courts typically refers to the

independent bodies of sovereign laws of treaty signatories.  *See, e.g.,* Hague Convention, Art. 5,

20 U.S.T. 361 (service of process follows internal law of signatory state).  This is quite different

than what the Appellee seeks here, which is to differentiate between concurrent bodies of federal

and state law to achieve a desired result.

Fourth, the "affiliate" definition in the Illinois statute is a purely optional one for close

corporations under Illinois law (805 ILCS 5/7.85(A)), is not replicated in Illinois' LLC law and

applies only in merger scenarios.  Thus, it is of limited value even were it to be applied because

it only applies in some situations which are in no way analogous here.

Finally, because the LFG-RGL settlement took place wholly within the bankruptcy

process places it outside of cases such as *Farley, Inc. v. Chiappetta*, 163 B.R. 999 (N.D. Ill.

1994) where pre-bankruptcy contracts left the term "affiliate" undefined.

VI.     CONTENTIONS AS TO THE MERITS OF OR PROCEDURE CONCERNING
        THE FOO CLAIMS ARE BEYOND THE APPELLATE SCOPE.

Appellee briefed points beyond the scope of the appeal.  Judge Drain limited this matter

to:  the LFG-Foo Release; the LFG-RGL release; determining if the Foo Claim was property of

the LFG estate; and the preclusive effect of orders in the LFG proceedings for the purposes of

the initial hearing.  Judge Drain also advised the parties that should he rule in favor of the Foo

Claimants, the parties should be prepared to work out a discovery schedule at the hearing.  Thus,

8

Appellee's points attacking the merits of the claim and the procedural propriety of how they were asserted are beyond the scope of this appeal.   These matters were never contested below.

The propriety of the causes of action are based upon the takeover of LFG by Refco and supported by the deposition testimony of LFG's CEO that established the APA as not being the operative document in the transaction. *See* DeLaurentis Decl., ¶¶ 36-45.

As to adequate notice, the Notice of Claim together with the DeLaurentis Declaration provides notice to the Trustee of the claims.  Amending the proof of claim will be an administrative matter to tend to on remand from this Court so that the claims are expressed in the right form.  Clearly, as no discovery has been taken in this matter, there is no prejudice to the Trustee.  Leave to amend should be liberally granted.

Should this Court wish to decide the matter on these points, leave to submit a supplemental brief is requested.  The limited amount of space permitted for a reply brief simply is not adequate to address these matters.

WHEREFORE, the Foo Claimants respectfully request that the Bankruptcy Court be reversed, the Debtor's objection be denied, and an order entered here remanding the matter for discovery and a trial on the merits of the Claim together with such other and further relief as this Court deems appropriate.

Dated:  September 5, 2007
        New York, New York

                                       _____/S/_____
                                       Brian M. DeLaurentis (BD 4995)
                                       Brian M. DeLaurentis, P.C.
                                       36 W. 44th St., Suite 610
                                       New York, NY 10036
                                       212-354-6300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————

In re:

REFCO, LLC,                                              Case No. 1:07-cv-06599-PAC

      Debtor.

—————————————————————


—————————————————————

MARY LOU LEE, SAMANTHA FOO, JASON FOO,
FOO, LLC AND ESTATE OF CHIH MIN FOO,

          Appellants,

v.

REFCO, LLC,
          Appellee.

—————————————————————


### <u>DECLARATION OF SERVICE BY FIRST CLASS MAIL</u>

    BRIAN M. DELAURENTIS, being duly sworn, deposes and states:

    1.  I am the attorney for Appellant in this action, and am duly admitted to practice in the

courts of the U.S. District Court for the Southern District of New York.

    2.  I am not a party herein, am over 18 years of age.

    3. On August 7, 2007, I served a copy of the Appellant's Memorandum of Law upon counsel

for the parties at the address designed by them for such purposes:

Scott E. Ratner, Esq.              Andrew Velez-Rivera, Esq.
Togut, Segal & Segal, LLP       U. S. Trustee
1 Penn Plaza                   33 Whitehall St.
New York, NY 10119           New York, NY 10004

Vincent E. Lazar, Esq.
Melissa M. Hinds, Esq.
Jenner & Block, LLP
330 N. Wabash Ave.
Chicago, IL 60611

4. Said service was made by depositing a true copy of said documents enclosed in a prepaid,

sealed wrapper, properly addressed to the above-named party, in an official depository under the

exclusive care and custody of the United States Post Office.

5. I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28

U.S.C. § 1746.

Dated:  September 5, 2007
         New York, New York



         _____/S/_____
         BRIAN M. DELAURENTIS